IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN HENRY CLEMONS, III, <br> (TDCJ-CID #719888) <br><br> Petitioner, <br><br> VS. <br><br> WILLIAM STEPHENS, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. H-15-0672 |

## MEMORANDUM AND OPINION

The petitioner, John Henry Clemons, III, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Wynne Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Clemons is serving a life sentence for his capital murder conviction imposed in a Texas state court in Harris County, Texas. Based on careful consideration of the pleadings, the record, and the applicable law, the court concludes that Clemons has not stated meritorious grounds for federal habeas relief. His federal habeas petition is therefore denied and final judgment is entered by separate order. The reasons are explained below.

On November 12, 2014, prison officials at the Wynne Unit conducted a hearing in the disciplinary case filed against Clemons, number 20150076582. The hearing officer found Clemons guilty of possessing a cell phone as charged. Clemons's punishment consisted of a demotion in custodial classification from G2 to G5, a 45-day loss of commissary privileges, a 45-day loss of recreation privileges, a 45-day cell restriction, a reduction in good-time earning class status from Line 1 to Line 3, and the loss of 300 days of good-time credits.

Clemons filed a Step One Grievance, which was denied on January 22, 2015, (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 6). His Step Two Grievance was denied on February 4, 2015. On March 13, 2015, this court received his federal habeas petition. He alleges that his disciplinary conviction is void because his due process rights were violated. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

To the extent Clemons asserts a due process claim based on the loss of privileges and the reduction in custodial classification, case law bars his claims. The standards governing disciplinary proceedings depend on the sanction imposed and the consequences. *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974). Punishments that change the conditions of confinement but do not extend the sentence or impose atypical or significant hardships in relation to the ordinary incidents of prison life do not require additional due process rights. *Sandin v. Connor*, 512 U.S. 472 (1995). In *Sandin,* the Court held that a 30-day disciplinary segregation sentence did not require additional procedural protections because the discipline did not inevitably affect the duration of the sentence. 515 U.S. at 484, 486 n.9. The punishments Clements received changed the conditions of his confinement, but did not give rise to a due process claim. *Madison,* 104 F.3d at 767-68.

To the extent Clemons asserts a due process claim based on the loss of good time, his claim also fails. While a State may, under certain circumstances, create liberty interests that apply to prisoners protected by the Due Process Clause, these interests are generally limited to state-created regulations or statutes that affect the quantity, rather than the quality, of time a prisoner serves. *Sandin,* 515 U.S. 472. Losing good-time credits as punishment for a disciplinary conviction must be accompanied by certain procedural safeguards to satisfy due process if the loss increases the

sentence beyond the time that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

In Texas, prisoners may become eligible for release on parole or under a mandatory supervised release program. *See Madison,* 104 F.3d at 768. "Parole" is the "discretionary and conditional release of an eligible prisoner . . . [who] may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." *Id.* "Mandatory supervision" is the "release of an eligible prisoner . . . so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division." *Id.*

Clemons cannot assert a due process claim by alleging that the loss of good-time credits has delayed his release on parole. Clemons has no constitutional right to parole, *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995), *Creel v. Keene,* 928 F.2d 707 (5th Cir. 1991), and no right to be released on parole, *Madison,* 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18, § 8(a)). Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995) (citing *Orellana,* 65 F.3d at 32). Any argument by Clemons that he is entitled to be considered for release on parole at a particular time would fail.

Clemons may also complain of a delay in his release to mandatory supervision from the loss of good-time credits. But Clemons's loss of his good-time credits does not affect his release on mandatory supervision because his capital murder conviction makes him ineligible for such release. (Docket Entry No. 1, Federal Petition, p. 5).

There is no basis for the relief Clemons seeks. Clemons's petition for a writ of habeas corpus is denied. This case is dismissed, and any remaining pending motions are denied as moot.

Clemons must obtain a certificate of appealability to appeal. The showing required for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This court denies Clemons's petition after careful consideration and denies a certificate of appealability because he has not made the necessary showing for issuance.

SIGNED on March 30, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge